J. RANDALL JONES, ESQ.
Nevada Bar No. 001927
WILLIAM L. COULTHARD, ESQ.
Nevada Bar No. 003927
AMANDA B. (WATSON) KERN, ESQ.
Nevada Bar No. 009218
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89169
E-mail: kjc@kempjones.com
Attorneys for Defendant Bellator Sport Worldwide, LLC

PATRICK C. ENGLISH, ESQ., *Pro Hac Vice*
DINES AND ENGLISH, L.L.C.
685 VAN HOUTEN AVENUE
CLIFTON, NEW JERSEY 07013
(973) 778-7575
Email: dinesandenglish@aol.com
Attorney for Defendant Bellator Sport Worldwide, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZUFFA, LLC, a Nevada limited liability company, dba ULTIMATE FIGHTING CHAMPIONSHIP, <br><br> Plaintiff, <br><br> vs. <br><br> PAVIA HOLDINGS, LLC, a California limited liability company, dba MMA AGENTS; BELLATOR SPORT WORLDWIDE, LLC, a Delaware limited liability company; DOES 1 through 100, inclusive; ROE Corporations and Limited Liability Companies 1 through 100, inclusive, <br><br> Defendants. <br> BELLATOR SPORT WORLDWIDE, LLC, Plaintiff on the Third Party Complaint, <br><br> vs. <br><br> JULIAN GREGORIO, Defendant on the Third Party Complaint. | CASE NO.: 2:10–cv-01427-RLH-RJJ <br><br><br> **ANSWER AND THIRD PARTY COMPLAINT AGAINST JULIAN GREGORIO** |

1

Defendant, Bellator Sport Worldwide, LLC, by and through its attorneys of record, hereby state by way of answer to the Complaint in this matter:

1) The allegations of Paragraph 1 are admitted.

2) Upon information and belief the allegations of Paragraph 2 are admitted.

3) This defendant has insufficient knowledge to either admit or deny the allegations of Paragraph 3.

4) As to the allegations of Paragraph 4, it is admitted that this defendant is a Delaware LLC with a principal place of business in Chicago, IL.  The remainder of the allegation is denied.

5) The allegation of Paragraph 5 does not require a response from this defendant.

6) The allegation of Paragraph 6 does not require a response from this defendant.

7) The allegation of Paragraph 7 requires no response from this defendant.

8) Insofar as the allegations of Paragraph 8 are directed at this defendant, the allegations are denied.

9) The allegations of Paragraph 9 are admitted to the extent that Zuffa does business as the Ultimate Fighting Championship and is a major Mixed Martial Arts promoter.  Except as set forth above, the allegations are denied.

10) The allegations of Paragraph 10 are admitted.

11)  The allegations of Paragraph 11 are neither admitted nor denied as this defendant has no independent knowledge of the history of Plaintiff.

12) The allegations of Paragraph 12 are admitted.

13) The allegations of Paragraph 13 are neither admitted nor denied as this defendant has no independent knowledge of the history of Plaintiff.

14) The allegations of Paragraph 14 can neither be admitted nor denied by this defendant due to lack of knowledge. This defendant is aware that certain of those claims have been disputed by third parties.

15) With respect to the allegation of Paragraph 15 it is admitted that MMA events are permitted by and regulated by most Athletic Commissions including Nevada's and New Jersey's. Except as expressly admitted, the allegation is denied.

16) With respect to the allegation of Paragraph 16 it is admitted that in the past ten years the popularity of MMA has increased significantly.

17) The allegation of Paragraph 17 can be neither admitted nor denied as the allegation is too vague to be meaningful.

18) The allegations of Paragraph 18 are admitted.

19) The allegations of Paragraph 19 are admitted.

20) The allegation of Paragraph 20 that MMA's popularity has reached new heights as a direct result of plaintiff's series, The Ultimate Fighter, is denied.

21) As to Paragraph 21 this defendant has no knowledge of the transactions between SEG and Zuffa and thus can neither admit nor deny the allegations.

22) As to Paragraph 22, this defendant can neither admit nor deny due to lack of knowledge.

23) As to Paragraph 23, this defendant has no knowledge as to what, if any, proprietary information Zuffa has developed.

24) As to Paragraph 24, this defendant can neither admit nor deny due to lack of knowledge.

25) As to Paragraph 25, this defendant can neither admit nor deny due to lack of knowledge.

26) As to Paragraph 26, this defendant can neither admit nor deny due to lack of knowledge.

27) As to the allegations of Paragraph 27, upon information and belief this material, inter alia, appears on the contracts of MMA agents.

28) As to the allegations of Paragraph 28, upon information and belief this material, inter alia, appears on the contracts of MMA agents.

29) As to the allegations of Paragraph 29, upon information and belief this material, inter alia, appears on the contracts of MMA agents.

30) As to the allegations of Paragraph 30, it is admitted that Bellator is a licensed MMA Promoter.  Except as specifically admitted, the remainder of the allegation is denied.

31) The allegations of Paragraph 31 are denied.

32) As to the allegations of Paragraph 32, Bellator began promoting MMA events in the spring of 2009 and it continues to do so today.

33) The allegations of Paragraph 33 are admitted.

34) The allegations of Paragraph 34 are admitted.

35) The allegations of Paragraph 35 are admitted.

36) The allegation of Paragraph 36 that Zuffa did not know and made no effort to determine what, if any, documents had been transmitted is admitted.  It is denied that any documents of a confidential nature were transmitted.

37) The allegation of Paragraph 37 is not directed at this defendant and therefore cannot be responded to.

38) The allegations of Paragraph 38 are denied.

39) The responses to the allegations of Paragraph 1 through 38 are repeated as though set forth again herein.

40) Defendant is unable to respond to the allegation of Paragraph 40 as to whether Zuffa has trade secrets due to lack of knowledge.  It is denied that this defendant received any trade secrets.

41) The allegations of Paragraph 41 are denied as to any document received by this defendant.

42) The allegations of Paragraph 42 are denied.

43) The allegations of Paragraph 43 are denied.

44) The allegations of Paragraph 44 are denied.

45) The allegations of Paragraph 45 are denied.

46) The allegations of Paragraph 46 are denied.

47) The allegations of Paragraph 47 are denied.

48) The allegations of Paragraph 48 are denied.

49) The allegations of Paragraph 49 are denied.

50) The allegations of Paragraph 50 are denied.

51) The responses to Paragraphs 1 through 50 of the Complaint are repeated as though set forth again herein.

52) The allegation of Paragraph 52 is denied.

53) The allegation of Paragraph 53 is denied.

54) The allegation of Paragraph 54 is denied.

55) The allegation of Paragraph 55 is denied.

56) In response to the allegations of Paragraph 56 this defendant repeats the responses to Paragraphs 1 through 55 as though set forth fully herein.

57) As to the allegation of Paragraph 57 this allegation is not directed to this defendant and thus defendant need not respond.

58) As to the allegation of Paragraph 58 this allegation is not directed to this defendant and thus defendant need not respond.

59) As to the allegation of Paragraph 59 this allegation is not directed to this defendant and thus defendant need not respond.

60) As to the allegation of Paragraph 60 this allegation is not directed to this defendant and thus defendant need not respond.

61) As to the allegation of Paragraph 61 this allegation is not directed to this defendant and thus defendant need not respond.

62) As to the allegation of Paragraph 62 this allegation is not directed to this defendant and thus defendant need not respond.

63) In response to the allegations of Paragraph 63 the responses to Paragraph 1 through 62 are repeated as though set forth fully herein.

64) As to the allegation of Paragraph 64 this allegation is not directed to this defendant and thus defendant need not respond.

65) As to the allegation of Paragraph 65 this allegation is not directed to this defendant and thus defendant need not respond.

66) As to the allegation of Paragraph 66 this allegation is not directed to this defendant and thus defendant need not respond.

67) As to the allegation of Paragraph 67 this allegation is not directed to this defendant and thus defendant need not respond.

68) As to the allegation of Paragraph 68 this allegation is not directed to this defendant and thus defendant need not respond.

69) In response to the allegations of Paragraph 69 this defendant incorporates by reference its responses to Paragraphs 1 through 68.

70) As to the allegation of Paragraph 70 this allegation is not directed to this defendant and thus defendant need not respond, except if any aspect of this allegation is directed toward this defendant it is denied.

71) As to the allegation of Paragraph 71 this allegation is not directed to this defendant and thus defendant need not respond.

72) As to the allegation of Paragraph 72 this allegation is not directed to this defendant and thus defendant need not respond.

73) As to the allegation of Paragraph 73 this allegation is not directed to this defendant and thus defendant need not respond.

74) As to the allegation of Paragraph 74 this allegation is not directed to this defendant and thus defendant need not respond.

75) As to the allegations of Paragraph 75, the responses to the allegations of Paragraphs 1 through 74 are repeated as though set forth herein.

76) The allegations of Paragraph 76 are denied.

77) The allegations of Paragraph 77 are denied.

78) The allegations of Paragraph 78 are denied.

79) The allegations of Paragraph 79 are denied.

80) The allegations of Paragraph 80 are denied.

81) The allegations of Paragraph 81 are denied.

82) The allegations of Paragraph 82 are denied.

83) In response to the allegations of Paragraph 83 this defendant incorporates by reference its responses to Paragraphs 1 through 82.

84) The allegations of Paragraph 84 are denied.

85) The allegations of Paragraph 85 are denied.

86) The allegations of Paragraph 86 are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Bellator upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff did not exercise ordinary care, caution or prudence in conducting its affairs relating to the matter as set forth in the Complaint, and the resulting damages, if any, were caused or contributed to by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant herein, Bellator acted diligently and with due care in the performance of any duty owned to Plaintiff, if any.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Bellator was in any way responsible for any of the damages alleged by Plaintiff, which Bellator specifically denies, such acts or omissions by Bellator was in reliance on the acts, omissions, and statements of Plaintiff, and Plaintiff is therefore estopped from making any claim.

**SIXTH AFFIRMATIVE DEFENSE**

The injuries, if any, complained of by Plaintiff were proximately caused by the acts or omissions of third parties or other persons over whom Bellator exercised no control and over whom Bellator had no right or duty to control.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff s claims are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has waived any and all claims against Bellator.

**NINTH AFFIRMATIVE DEFENSE**

Bellator was not the proximate cause of the alleged injuries or damages, if any, sustained by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to plead any acts or omissions of Bellator sufficient to warrant the consideration of exemplary or punitive damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Bellator performed no acts or omissions relative to its dealings with Plaintiff that would warrant the imposition of exemplary or punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

The documents referenced in the Complaint are not trade secrets because Plaintiff does not derive independent economic value, actual or potential, from such documents not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from the disclosure or use of such documents.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not used reasonable efforts to maintain the secrecy and confidentiality of the subject documents.

## FOURTEENTH AFFIRMATIVE DEFENSE

Bellator has been required to retain the services of counsel to defend this action and is entitled to an award of attorney's fees and costs of suit herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to N.R.C.P. 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and therefore, Defendant reserves the right to amend the Answer to the Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

## SIXTEENTH AFFIRMATIVE DEFENSE

There is no jurisdiction over this defendant.

**WHEREFORE**, Bellator requests that this Court:

1) Dismiss the Complaint in this matter with prejudice;

2) Grant an award of reasonable counsel fees and costs of defense; and

3) For such other relief as the Court deems just and proper.

# THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff, by and through its counsel, hereby states by way of Third Party Complaint:

1) Bellator Sport Worldwide, LLC is a limited liability company organized under the laws of the State of Delaware.  Hereinafter it will be referenced as Bellator.

2) Bellator is a promoter of Mixed Martial Arts events.

3) Third Party Defendant Julian Gregorio is a citizen of the State of California.

4) Bjorn Rebney, the CEO of Bellator, is an attorney-at-law.

5) Ken Pavia, the principal of MMA Associates, is a law school graduate and, at the time of the matter complained of, was believed in good faith by Rebney to be an attorney-at-law.

6) MMA Agents has on its staff at least one attorney-at-law.

7) In the summer of 2010 Bjorn Rebney determined to review the sufficiency of documents used by Bellator.

8) As part of that process he requested from Pavia certain documents used by the UFC in connection with fighters.

9) At no time did Rebney request any document anticipated to contain trade secrets or information proprietary to Zuffa, LLC.

10) Mr. Pavia requested confidentiality due to, as he put it, fear of retaliation by Zuffa for cooperating with Bellator.  In any case, communications between the parties would be presumptively confidential.

11) Zuffa has a reputation for ruthlessly attempting to block competitors in the MMA field.

12) Pavia did, on a confidential basis, send certain documents to Bellator. However, those documents were not confidential and contained no proprietary information belonging to Zuffa.

13) The documents in question were sent on a confidential basis but were not confidential documents.

14) The format of the documents in question was changed from a PDF format to a Word format, but no Bellator representative substantively reviewed those documents as of the time of filing of the Complaint to which this Third Party Complaint is directed.

15) The documents supplied by MMA Associates were never utilized by Bellator in any way and in fact were not substantively reviewed by Bellator's staff or by Mr. Rebney.

16) Defendant on the Third Party Complaint Julian Gregorio, on information and belief, was an employee of MMA Associates.

17) Motivated by animus, Julian Gregorio took privileged communications between the CEO of Bellator and the President of MMA Associates and, with the knowledge that he was not entitled to do so, transmitted same to representatives of Zuffa, LLC.

18) Upon information and belief Gregorio informed representatives of Zuffa that Pavia and Bellator were conspiring to misappropriate Zuffa's confidential information when this was untrue. This information was given either with knowing falsity or with reckless disregard of the truth.

19) Gregorio informed representatives of Zuffa that Bellator misappropriated trade secrets of Zuffa. This information was false and was either known to be false by Gregorio or was given in reckless disregard of the truth.

### FIRST CAUSE OF ACTION AGAINST JULIAN GREGORIO

20) The allegations of Paragraphs 1 through 21 of the Third Party Complaint are repeated as though set forth herein.

21) The actions of Julian Gregorio regarding constitute slander and/or libel.

22) The communications of Julian Gregorio regarding Bellator were false and defamatory.

23) No privilege is attached to the communications of Julian Gregorio.

24) Julian Gregorio was negligent and, further, gave information to Zuffa's representatives either knowing it was false or in reckless disregard of its truth or falsity.

25) By virtue of the actions of Julian Gregorio, Bellator suffered damages and is entitled to recovery of its reasonable attorney's fees for having to bring this Third Party Complaint.

### SECOND CAUSE OF ACTION AGAINST JULIAN GREGORIO

26) The allegations of Paragraphs 1 through 25 of the Third Party Complaint are repeated as though set forth fully herein.

27) Plaintiff had a reasonable expectation of privacy in the emails sent by its representative.

28) Julian Gregorio, without any right or claim of right misappropriated emails which were privileged and which he knew were confidential and in turn gave or sent them to representatives of Zuffa.

29) Bellator had the right to keep its confidential emails privileged.

30) By disregarding requirements of confidentiality and privilege, and maliciously and with disregard of the harm it would cause, Gregorio has caused damage to Bellator, and Bellator

is entitled to recovery of its reasonable attorney's fees for having to bring this Third Party Complaint.

**WHEREAS** Third Party Plaintiff demands judgment in the amount of its damages, costs, counsel fees, exemplary damages, and such other relief as the Court may deem just and proper.

DATED this 17th day of March, 2011.

**KEMP JONES & COULTHARD, LLP**

By:/s/ Amanda Kern, Esq.
    J. Randall Jones, Esq. (#1927)
    Amanda Kern, Esq. (#9218)
    3800 Howard Hughes Parkway, 17th Floor
    Las Vegas, Nevada 89169


    Patrick C. English, Esq., Pro Hac Vice
    **DINES AND ENGLISH, L.L.C.**
    685 Van Houten Avenue
    Clifton, New Jersey 07013
    (973) 778-7575

    Attorneys for Defendant
    Bellator Sport Worldwide, LLC

# CERTIFICATE OF MAILING

I hereby certify that on the 17th day of March, 2011, the foregoing **DEFENDANT BELLATOR SPORT WORLDWIDE, LLC'S ANSWER AND THIRD PARTY COMPLAINT AGAINST JULIAN GREGORIO** was served on the following person(s) by mailing a copy thereof, first class mail, postage prepaid, to:

Donald J. Campbell, Esq.
J. Colby Williams, Esq.
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101

L. Joe Coppedge, Esq.
SHEA & CARLYON, LTD.
701 Bridger/Ste. 850
Las Vegas, NJ 89101

Michael B. Lynch, Esq.
29 Cranbury Road
Princeton Junction, New Jersey 08550

/s/ Monica Jacobs
An employee of Kemp, Jones & Coulthard