UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ZUFFA, LLC, a Nevada limited liability company, dba ULTIMATE FIGHTING CHAMPIONSHIP,<br><br>        Plaintiff,<br><br>    vs.<br><br>PAVIA HOLDINGS, LLC, a California limited liability company, dba MMA AGENTS; BELLATOR SPORT WORLDWIDE, LLC, a Delaware limited liability company; DOES 1 through 100, inclusive; ROE Corporations and Limited Liability Companies 1 through 100, inclusive,<br><br>        Defendants.<br>_____<br>BELLATOR SPORT WORLDWIDE, LLC,<br><br>        Third-party Plaintiff,<br><br>    vs.<br><br>JULIAN GREGORIO,<br><br>        Third-party Defendant.<br>_____ | Case No.: 2:10-cv-01427-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#46) |

Before the Court is Third-party Defendant Julian Gregorio's **Motion to Dismiss** (#46, filed Apr. 21, 2011) based on a failure to state a claim. The Court has also considered Defendant/Third-party Plaintiff Bellator Sport Worldwide, LLC's Opposition (#52, filed May 23, 2011), and Gregorio's Reply (#58, filed June 17, 2011).

1

**BACKGROUND**

This dispute arises out of Bellator's allegations that Gregorio forwarded an email between two people at Bellator, Bjorn Rebney (CEO) and Tim Danaher (President), and Ken Pavia of MMA Agents to Zuffa and otherwise told Zuffa representatives that these individuals "were conspiring to misappropriate Zuffa's confidential information ...." (Dkt. #32, Third-party Compl. ¶ 18.) Zuffa, which operates the Ultimate Fighting Championship, directly competes with Bellator in the mixed martial arts business and initiated this lawsuit against Bellator based on Gregorio's alleged disclosures. (For further background *see* Dkt. #31, Order.) After the Court denied Bellator's motion to dismiss Zuffa's complaint, Bellator filed this third-party complaint against Gregorio alleging two untitled causes of actions. Now before the Court is Gregorio's motion to dismiss these third-party claims. For the reasons discussed below, the Court grants the motion in part and denies the motion in part.

**DISCUSSION**

**I.    Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled

factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

## II.   Analysis

Bellator did not identify the claims it asserts but merely entitled them "First Cause of Action Against Julian Gregorio" and "Second Cause of Action Against Julian Gregorio."  As this is relevant to the Court's analysis of the second claim, the Court will follow suit.

### A.   Bellator's First Cause of Action

The first claim Bellator asserts is a relatively straightforward defamation claim.  To establish a cause of action for defamation, a plaintiff must allege: "(1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Wynn v. Smith*, 16 P.3d 424, 427 (Nev. 2001).  A statement is only defamatory if it contains a factual assertion that can be proven false. *See Flowers v. Carville*, 112 F.Supp.2d 1202, 1210 (D. Nev. 2000) (reversed in part on other grounds).  The determination of "whether an allegedly defamatory statement constitutes fact or opinion is a question of law for the court to decide." *Rodriguez v. Panayiotou*, 314 F.3d 979, 985 (9th Cir. 2002); *see also*, *Branda v. Sanford*, 637 P.2d 1223, 1225-26 (Nev. 1981).  Here, Bellator edges over the line for each of these elements, at least when the Court makes reasonable inferences, and has properly put Gregorio on notice of its claim.  For example, Bellator's third-party complaint

3

insufficiently alleges damages in the actual text of the complaint. Yet the Court may properly infer that Bellator has been damaged by Zuffa's lawsuit against it (which is based on Gregorio's alleged disclosure) as this third-party complaint is part of the Zuffa lawsuit against Bellator. Thus, the Court will not dismiss Bellator's defamation claim.

**B.  Bellator's Second Cause of Action**

Bellator's second claim is essentially unintelligible as a legal cause of action. Bellator finally shed light on its second claim by including information in its opposition that was not alleged in its complaint. However, "'[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.'" *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (emphasis in original) (quoting *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)). In fact, here it seems that Bellator specifically tried to hide what type of claim (or apparently claims) it was asserting in its "Second Cause of Action Against Julian Gregorio." The claim was not labeled in a way to help the Court or Gregorio know what type of claim it asserted and the text of the claim didn't help at all either. The Court would never have guessed (and it would have been just a guess) that Bellator was actually attempting (poorly or disingenuously) to assert a common law conversion claim[1] and a claim under the California Comprehensive Data Access and Fraud Act. The statute was never even mentioned in the third-party complaint. As such, the third-party complaint wholly failed to give Gregorio notice of what Bellator was asserting and the Court must dismiss this claim, though it does so without prejudice.

**CONCLUSION**

---

[1]  The Court also expresses doubt that the mere forwarding of an email, rather than the deletion of an email, may support a claim for conversion for multiple reasons. Principally, forwarding does not deprive anyone of the use of the email. *See Frederick v. Aldham County Fiscal Court*, Slip Op. 2010 WL 2572815 at *4 (W.D. Ky. June 23, 2010) (forwarding not conversion) compare with *Thyroff v. Nationwide Mut. Ins. Co.*, 864 N.E.2d 1272, 1278 (N.Y. 2007) ("electronic documents and records stored on a computer can also be converted by simply pressing the delete button"). It seems the proper analogy for forwarding an email is photocopying a tangible document, not taking or destroying it.

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Gregorio's Motion to Dismiss (#46) is GRANTED in part and DENIED in part.

Dated: October 21, 2011.

_____
**ROGER L. HUNT
United States District Judge**