Jordan T Smith, NV Bar No. 12097
jts@pisanellibice.com
PISANELLI BICE, PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV  89169
Telephone:    (702) 214-2100
Facsimile:     (702) 214-2101

Attorneys for Third-Party Defendant
JULIAN GREGORIO

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ZUFFA, LLC, a Nevada limited liability company, dba ULTIMATE FIGHTING CHAMPIONSHIP,<br><br>            Plaintiff,<br><br>     vs.<br><br>PAVIA HOLDINGS, LLC, a California limited liability company, dba MMA AGENTS; BELLATOR SPORT WORLDWIDE, LLC, a Delaware limited liability company; DOES 1 through 100, inclusive; ROE Corporations and Limited Liability Companies 1 through 100, inclusive,<br><br>            Defendants. | CASE NO.    2:10-cv-01427-RLH-RJJ<br><br><br>**THIRD-PARTY DEFENDANT'S FIRST AMENDED ANSWER TO THIRD-PARTY PLAINTIFF'S COMPLAINT** |
| BELLATOR SPORT WORLDWIDE, LLC,<br><br>            Third-Party Plaintiff,<br><br>     vs.<br><br>JULIAN GREGORIO,<br><br>            Third-Party Defendant. | |

COMES NOW, Third-Party Defendant JULIAN GREGORIO, by and through his attorneys of record of the law firm PISANELLI BICE, PLLC, and submits this First Amended Answer to Third-Party Plaintiff's Complaint and herein admits, denies and alleges as follows:

12579/00000-1874222.v1                                          1

1. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 1, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

2. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 2, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

3. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 3, Third-Party Defendant admits the allegations therein.

4. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 4, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

5. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 5, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

6. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 6, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

7. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 7, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

8. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 8, Third-Party Defendant alleges that he is without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

9. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 9, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

10. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 10, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

11. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 11, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

12. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 12, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

13. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 13, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

14. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 14, Third-Party Defendant alleges that he is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies the same.

15. In answering the allegations of Third-Party Plaintiff's Third-Party Complaint, Paragraph 15, Third-Party Defendant alleges that he is without sufficient knowledge or

1  information necessary to form a belief as to the truth or falsity of said allegations and on that
2  basis therefore denies the same.

3    16.   In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
4  Paragraph 16, Third-Party Defendant denies the allegations therein.  Mr. Gregorio was not an
5  employee of "MMA Associates." Mr. Gregorio was an employee of MMA Agents.

6    17.   In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
7  Paragraph 17, Third-Party Defendant alleges that he is without sufficient knowledge or
8  information necessary to form a belief as to the truth or falsity of said allegations and on that
9  basis therefore denies the same.

10    18.   In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
11 Paragraph 18, Third-Party Defendant alleges that he is without sufficient knowledge or
12 information necessary to form a belief as to the truth or falsity of said allegations and on that
13 basis therefore denies the same.

14    19.   In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
15 Paragraph 19, Third-Party Defendant alleges that he is without sufficient knowledge or
16 information necessary to form a belief as to the truth or falsity of said allegations and on that
17 basis therefore denies the same.

## FIRST CAUSE OF ACTION AGAINST JULIAN GREGORIO

19    20.   In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
20 Paragraph 20, Third-Party Defendant restates and re-alleges his responses to Paragraphs 1
21 through 19 inclusive, and incorporate the same as though fully set forth in full herein.

22    21.   In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
23 Paragraph 21, Third-Party Defendant denies the allegations therein.

24    22.   In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
25 Paragraph 22, Third-Party Defendant denies the allegations therein.

26    23.   In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
27 Paragraph 23, Third-Party Defendant alleges that he is without sufficient knowledge or

1  information necessary to form a belief as to the truth or falsity of said allegations and on that
2  basis therefore denies the same.

3      24.    In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
4  Paragraph 24, Third-Party Defendant denies the allegations therein.

5      25.    In answering the allegations of Third-Party Plaintiff's Third-Party Complaint,
6  Paragraph 25, Third-Party Defendant denies the allegations therein.

## SECOND CAUSE OF ACTION AGAINST JULIAN GREGORIO

This cause of action has been dismissed. Therefore, no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

11      26.    That the Third-Party Complaint and each and every cause of action purported to
12  be set forth therein, fails to allege facts sufficient to state a claim against Third-Party Defendant
13  upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

15      27.    Any allegedly defamatory statements made by Third-Party Defendant which was
16  of and concerning Third-Party Plaintiff were true or substantially true, or were matters of opinion
17  and were, therefore, absolutely privileged under the First and Fourteenth Amendments to the
18  United States Constitution and by Article One, Section Nine of the Nevada State Constitution and
19  by Article One, Section Two of the California State Constitution.

## THIRD AFFIRMATIVE DEFENSE

21      28.    Any allegedly defamatory statements made by Third-Party Defendant of and
22  concerning Third-Party Plaintiff were within the sphere of legitimate public interest and concern
23  and were reasonably related to matters warranting public exposition.

## FOURTH AFFIRMATIVE DEFENSE

25      29.    Any allegedly defamatory statements made by Third-Party Defendant of and
26  concerning Third-Party Plaintiff were not made negligently or with knowledge of their falsity or
27  with a reckless disregard of their falsity.

**FIFTH AFFIRMATIVE DEFENSE**

30. Any allegedly defamatory statements made by Third-Party Defendant of and concerning Third-Party Plaintiff were qualifiedly privileged.

**SIXTH AFFIRMATIVE DEFENSE**

31. Any allegedly defamatory statements made by Third-Party Defendant of and concerning Third-Party Plaintiff were absolutely privileged.

**SEVENTH AFFIRMATIVE DEFENSE**

32. Any allegedly defamatory statements made by Third-Party Defendant of and concerning Third-Party Plaintiff were conditionally privileged.

**EIGHTH AFFIRMATIVE DEFENSE**

33. Any allegedly defamatory statements made by Third-Party Defendant were consented to by Third-Party Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

34. Any allegedly defamatory statements made by Third-Party Defendant of and concerning Third-Party Plaintiff did not adversely effect Third-Party Plaintiff's reputation.

**TENTH AFFIRMATIVE DEFENSE**

35. Third-Party Plaintiff will not be able to establish that the answering Third-Party Plaintiff acted with either: a) common law malice; or b) knowledge of the falsity of the statements allegedly made or a reckless disregard of the falsity of the statements allegedly made. As such, Third-Party Plaintiff is not entitled to punitive or exemplary damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

36. Any allegedly defamatory statements made by Third-Party Defendant of and concerning Third-Party Plaintiff were not published to third-parties.

**TWELFTH AFFIRMATIVE DEFENSE**

37. The answering Third-Party Defendant alleges that Third-Party Plaintiff has failed and refused to take reasonable steps to remedy, cure or mitigate their damages as alleged in the Third-Party Complaint, and are therefore now barred from any recovery in the present action as a result of and to the extent of such failure and refusal.

**THIRTEENTH AFFIRMATIVE DEFENSE**

38.     Third-Party Plaintiff did not exercise ordinary care, caution or prudence under the circumstances described in Third-Party Plaintiff's Third-Party Complaint and the resulting damages, if any, were proximately caused and contributed to by Third-Party Plaintiff's own negligence and such negligence was greater than the negligence, if any, of the Third-Party Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

39.     The incident involved herein and any resulting damages, if any, were caused or contributed by acts and/or omissions of third-parties over whom Third-Party Defendant has no control.

**FIFTEENTH AFFIRMATIVE DEFENSE**

40.     The Third-Party Complaint, and each cause of action thereof, is barred on the grounds that Third-Party Defendant's materials and/or conduct referred to in the Third-Party Complaint were not a substantial factor in bringing about the damages complained of by Third-Party Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

41.     In the event this answering Third-Party Defendant is found to be liable in any way for the injuries claimed by Third-Party Plaintiff, this answering Third-Party Defendant is only severally liable as Third-Party Plaintiff was in whole or in part responsible for its own damages and Third-Party Plaintiff's alleged damages were caused in whole or part by the actions of third-parties outside of this answering Third-Party Defendant's control.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

42.     Third-Party Plaintiff is precluded from bringing this action pursuant to Nevada Revised Statute Section 17.225(3).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

43.     Third-Party Plaintiff's claims are barred by the doctrine of estoppel.

**NINETEENTH AFFIRMATIVE DEFENSE**

44.     Third-Party Plaintiff's claims are barred by the doctrine of laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

45. Third-Party Plaintiff's claims are barred by the doctrine of unclean hands.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

46. Third-Party Plaintiff's claims are barred by the statute of limitations.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

47. Third-Party Plaintiff's claims are barred by the doctrine of waiver.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

48. Third-Party Plaintiff's claims are barred by The Communications Decency Act of 1996 (47 U.S.C. 230).

Pursuant to Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein in so far as sufficient facts were not available after reasonable inquiry upon the filing of Third-Party Defendant's First Amended Answer and, therefore, the answering Third-Party Defendant reserves the right to amend his Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE the answering Third-Party Defendant prays that said Third-Party Plaintiff take nothing by reason of the Third-Party Complaint and the causes of action therein contained, and that the said Third-Party Defendant does have and recover judgment for costs incurred and for such other and further relief as to the Court may be deemed proper.

Dated: April 4, 2012                             PISANELLI BICE, PLLC

By:   /s/ Jordan T. Smith
      Jordan T. Smith, NV Bar No. 12097
      3883 Howard Hughes Parkway, Suite 800
      Las Vegas, NV  89169

Attorneys for Third-Party Defendant
JULIAN GREGORIO